UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

LI HONG CHENG, Individually and on Behalf
of All Others Similarly Situated,

                    Plaintiff,

      vs.

CANADA GOOSE HOLDINGS INC., DANI
REISS, JONATHAN SINCLAIR and JOHN
BLACK,

                    Defendants.

 :  Civil Action No. 1:19-cv-08204-VSB

 :  <u>CLASS ACTION</u>

 :  NATIONAL ELEVATOR INDUSTRY
 :  PENSION FUND'S OPPOSITION TO
 :  COMPETING MOTIONS FOR
 :  APPOINTMENT AS LEAD PLAINTIFF

---------------------------------------------------------------- x

4811-8092-1005.v1

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION AND BACKGROUND ....................................................................1

II.    ARGUMENT..............................................................................................................2

      A.    The Pension Fund Meets the PSLRA's Requirements and Should Be Appointed Lead Plaintiff...................................................................................2

      B.    The Presumption of "Most Adequate Plaintiff" Which Lies in Favor of the Pension Fund Cannot Be Rebutted ........................................................6

III.    CONCLUSION.........................................................................................................13

4811-8092-1005.v1

## TABLE OF AUTHORITIES

**Page**

### CASES

*Atanasio v. Tenaris S.A.*,
331 F.R.D. 21 (E.D.N.Y. 2019) ...................................................................................................2

*Bhojwani v. Pistiolis*,
2007 WL 9228588 (S.D.N.Y. July 31, 2007) ...........................................................................9

*Camp v. Qualcomm Inc.*,
2019 WL 277360 (S.D. Cal. Jan. 22, 2019)............................................................................12

*City of Lakeland Emps. Pension Plan v. Baxter Int'l Inc.*,
No. 1:10-cv-06016 (N.D. Ill. Jan. 22, 2016)............................................................................5

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*,
269 F.R.D. 291 (S.D.N.Y. 2010) ..............................................................................................5

*City of Riviera Beach Gen. Emps. Ret. Sys. v. Macquarie Infrastructure Corp.*,
2019 WL 364570 (S.D.N.Y. Jan. 30, 2019) .......................................................................5, 10

*St. Clair Cty. Emps.' Ret. Sys. v. Acadia Healthcare Co., Inc.*,
2019 WL 494129 (M.D. Tenn. Jan. 9, 2019)............................................................................3

*Clair v. DeLuca*,
232 F.R.D. 219 (W.D. Pa. 2005) .............................................................................................12

*Fishbury, Ltd. v. Connetics Corp.*,
2006 WL 3711566 (S.D.N.Y. Dec. 14, 2006) ..........................................................................4

*Foley v. Transocean Ltd.*,
272 F.R.D. 126 (S.D.N.Y. 2011) ..............................................................................................3

*Ford v. Pro Shares Trust II*,
No. 1:19-cv-00886-DLC (S.D.N.Y. May 14, 2019)................................................................10

*Gross v. AT&T Inc.*,
No. 1:19-cv-02892-VEC (S.D.N.Y. June 24, 2019)...............................................................12

*In re Bally Total Fitness Sec. Litig.*,
2005 WL 627960 (N.D. Ill. Mar. 15, 2005)..............................................................................3

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) .........................................................................................2, 6, 13

4811-8092-1005.v1

**Page**

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)..................................................................................2, 6

*In re Cendant Corp. Sec. Litig.*,
404 F.3d 173 (3d Cir. 2005)......................................................................................2

*In re Facebook, Inc., IPO Sec. and Derivative Litig.*,
288 F.R.D. 26 (S.D.N.Y. 2012) ................................................................................3

*In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*,
209 F.R.D. 447 (C.D. Cal. 2002) ...........................................................................12

*In re Longfin Corp. Sec. Class Action Litig.*,
No. 1:18-cv-02933-DLC (S.D.N.Y. Aug. 27, 2018) ..........................................10, 11

*In re RH, Inc. Securities Litigation*,
No. 4:17-cv-00554-YGR (N.D. Cal.) ......................................................7, 8, 10, 11

*In re Vicuron Pharm., Inc. Sec. Litig.*,
225 F.R.D. 508 (E.D. Pa. 2004)................................................................................3

*Juliar v. Sunopta Inc.*,
2009 WL 1955237 (S.D.N.Y. Jan. 30, 2009) ............................................................5

*Karp v. Diebold Nixdorf, Inc.*,
2019 WL 5587148 (S.D.N.Y. Oct. 30, 2019) ......................................................8, 12

*Khunt v. Alibaba Grp. Holding Ltd.*,
102 F. Supp. 3d 523 (S.D.N.Y. 2015)........................................................................4

*McKenna v. Dick's Sporting Goods, Inc*,
2018 WL 1083971 (S.D.N.Y. Feb. 27, 2018)......................................................2, 10

*Micholle v. Ophthotech Corp.*,
2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018) ..................................................2, 6, 10

*Nasin v. Hongli Clean Energy Techs. Corp.*,
2017 WL 5598214 (D.N.J. Nov. 21, 2017) ...............................................................9

*Piven v. Sykes Enters., Inc.*,
137 F. Supp. 2d 1295 (M.D. Fla. 2000)..................................................................12

*Plaut v. Goldman Sachs Grp., Inc.*,
2019 WL 4512774 (S.D.N.Y. Sept. 19, 2019).................................................9, 10, 11

- iii -

**Page**

*Police and Fire Ret. Sys. of the City of Detroit v. SafeNet, Inc.*,
    2007 WL 7952453 (S.D.N.Y. Feb. 21, 2007)..............................................................................3

*Richman v. Goldman Sachs Grp., Inc.*,
    274 F.R.D. 473 (S.D.N.Y. 2011) ...............................................................................................4

*Takara Trust v. Molex Inc.*,
    229 F.R.D. 577 (N.D. Ill. 2005).................................................................................................3

*Tomaszewski v. Trevena, Inc.*,
    383 F. Supp. 3d 409 (E.D. Pa. 2019) ........................................................................................9

*W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*,
    549 F.3d 100 (2d Cir. 2008)......................................................................................................9

## STATUTES, RULES AND REGULATIONS

15 U.S.C.
    §78u-4(a)(2)(A)(v) ....................................................................................................................7
    §78u-4(a)(3)(B)(iii)(cc)..............................................................................................................5
    §78u-4(a)(3)(B)(iii)(I) ...........................................................................................................1, 2

28 U.S.C.
    §1746........................................................................................................................................9

Federal Rules of Civil Procedure
    Rule 23 ........................................................................................................................... *passim*
    Rule 23(a)..................................................................................................................................6

## LEGISLATIVE HISTORY

H.R. Conf. Rep. No. 104-369, at 34 (1995) ), *reprinted in* U.S.C.C.A.N. 730, 733 .......................5

4811-8092-1005.v1

## I.    INTRODUCTION AND BACKGROUND

Three motions were filed by class members seeking appointment as lead plaintiff and approval of counsel pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"): (1) National Elevator Industry Pension Fund (the "Pension Fund"); (2) Steven Hulaj; and (3) Ricardo Cardoso. *See* ECF Nos. 8, 12, 14. Based on information contained in the submissions by the lead plaintiff movants, the Pension Fund is the "most adequate plaintiff" within the meaning of the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). The Pension Fund's loss of over $1.17 million is nearly triple the losses claimed by the other lead plaintiff movants ***combined***:



*See* ECF Nos. 11-2, 17-2, 18-3. The Pension Fund also meets the "typicality" and "adequacy" requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* ECF No. 16 at 6-9. Accordingly, the Pension Fund's motion should be granted.

In addition to lacking the largest financial interest, Mr. Hulaj cannot serve as a lead plaintiff because he has not provided sufficient information to enable the Court to find him adequate under Rule 23. The only thing known about Mr. Hulaj is that his sworn PSLRA Certification, which was made under oath and signed under penalty of perjury, is false. He therefore fails to make the requisite Rule 23 *prima facie* showing of adequacy. Additionally, Mr. Cardoso claims the smallest financial interest and cannot trigger the presumption. Consequently, their motions should be denied.

4811-8092-1005.v1

## II.    ARGUMENT

### A.    The Pension Fund Meets the PSLRA's Requirements and Should Be Appointed Lead Plaintiff

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), the presumptive lead plaintiff is the movant: (1) with the "largest financial interest in the relief sought by the class"; and (2) who otherwise satisfies the requirements of Rule 23. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263-64 (3d Cir. 2001); *In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 192 (3d Cir. 2005); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

In this District, while courts can consider four factors (shares purchased, net shares purchased, net funds expended, and loss) to determine the largest financial interest, "'***[m]ost courts agree that the largest loss is the critical ingredient in determining the largest financial interest and outweighs net shares purchased and net expenditures***.'" *McKenna v. Dick's Sporting Goods, Inc*, 2018 WL 1083971, at *4 (S.D.N.Y. Feb. 27, 2018) (Broderick, J.); *see also Micholle v. Ophthotech Corp.*, 2018 WL 1307285, at *5 (S.D.N.Y. Mar. 13, 2018) (Broderick, J.) ("Of the four factors, financial loss is considered the most significant factor.").[1] Mr. Hulaj and his assignors have themselves acknowledged that "[t]he most critical among the Lax Factors is the approximate loss suffered." S*ee* Exhibit 1 to the Declaration of David A. Rosenfeld in Support of National Elevator Industry Pension Fund's Opposition to Competing Motions for Appointment as Lead Plaintiff ("Rosenfeld Opp. Decl."), submitted concurrently herewith. They are correct because "[t]he first three factors have almost no independent significance." *Atanasio v. Tenaris S.A.*, 331 F.R.D. 21, 27 (E.D.N.Y. 2019) ("Under the *Olsten* criteria, Sanders has the largest financial interest. Although City of Warren purchased a greater number of total and net shares during the class period and

---

[1]    Unless otherwise noted, all emphasis is added and citations are omitted.

4811-8092-1005.v1

expended a greater amount of net funds, Sanders has a greater loss by approximately $ 27,000.  The

approximate loss is the most important factor.").  As such, Courts within this District and around the

country have almost unanimously found losses to be outcome determinative for the "largest financial

interest" inquiry.[2]

There can be no legitimate dispute, then, that the Pension Fund possesses the "largest

financial interest" in this litigation, ***more than double both*** Mr. Hulaj and Mr. Cardoso's losses

***combined***, and ***more than triple*** Mr. Hulaj's losses:

---

[2]    *See generally Foley v. Transocean Ltd.*, 272 F.R.D. 126, 130-31 (S.D.N.Y. 2011) (despite competing movant's larger net shares purchased and net funds expended, Judge Buchwald appointed movant with largest loss);  *In re Facebook, Inc., IPO Sec. and Derivative Litig.*, 288 F.R.D. 26, 36 (S.D.N.Y. 2012) ("'courts have consistently held that . . . the magnitude of the loss suffered is the most significant'" factor); *St. Clair Cty. Emps.' Ret. Sys. v. Acadia Healthcare Co., Inc.*, 2019 WL 494129, at *3 (M.D. Tenn. Jan. 9, 2019) (appointing movant with the largest loss, despite a competing movant's larger shares purchased (both total and net) and greater net expenditure); *In re Vicuron Pharm., Inc. Sec. Litig.*, 225 F.R.D. 508, 510-11 (E.D. Pa. 2004); *Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) (in determining largest financial interest, "most courts simply determine which potential lead plaintiff has suffered the greatest total losses"); *In re Bally Total Fitness Sec. Litig.*, 2005 WL 627960, at *4 (N.D. Ill. Mar. 15, 2005) ("some of the lead plaintiff candidates who are in the middle of the pack in terms of losses . . . contend that we should also examine factors such as the number of shares purchased, the number of net shares purchased, and the total net funds expended by the plaintiff during the class period . . .  It is not self-evident, though, what weight these factors should be given in relation to the amount of loss, or even why we should consider them at all . . . .  We believe that the best yardstick by which to judge 'largest financial interest' is the amount of loss, period.  The inquiry need not and should not be complicated by also considering the number of shares or the net expenditures involved because those statistics do not advance the ball."); *but see Police and Fire Ret. Sys. of the City of Detroit v. SafeNet, Inc.*, 2007 WL 7952453, at *2 (S.D.N.Y. Feb. 21, 2007) (appointing movant favored by the first three factors ***after noting that a two-percent difference between competing movants' alleged fourth-factor losses was too slight to be outcome determinative***).

- 3 -

| MOVANT | TOTAL SHARES PURCHASED | NET SHARES PURCHASED | NET FUNDS EXPENDED | LOSSES SUFFERED |
|---|---|---|---|---|
| The Pension Fund | 100,004 | 93,149 | $4,936,883 | $1,170,469 |
| Steven Hulaj | 115,710 (+ 270 options contracts)[3] | 98,160 | $4,349,842 | $369,836 |
| Mr. Cardoso | 4,000 | 4,000 | $209,680 | $47,520 |

*See* ECF Nos. 11-2, 17-2, 18-3.

The Pension Fund's triply-greater losses are enough to afford it the largest financial interest, but the Pension Fund also carries the day under the "net funds expended," factor, which is the second-most helpful factor when examining a movant's financial interest. *See Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 475-76 (S.D.N.Y. 2011) ("The four factors are: (1) the number of shares purchased; (2) the number of net shares purchased; (3) total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs. . . . [A] trend seems to be emerging that the *Lax* factors are properly ordered, so that the number of shares purchased (Factor 1) is the least important and the loss suffered (Factor 4) is the most important."). Accordingly, Mr. Hulaj's narrow advantage in the two least important categories cannot be argued in good faith as offsetting the Pension Fund's significantly greater losses (and greater net expenditure). In the nearly 25 years since the enactment of the PSLRA, the Pension Fund is not aware of a single

---

[3]    The Court should decline to entertain any argument that Mr. Hulaj should be appointed a co-lead plaintiff or a "niche" lead plaintiff by virtue of his purchase of options contracts. *See Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 541 (S.D.N.Y. 2015) (recognizing the "'fact that plaintiffs might have different types of securities does not require a separate class or co-lead plaintiffs because lead plaintiffs need not satisfy all elements of standing with respect to the entire lawsuit under the PSLRA'" and declining to appoint lead plaintiff for subclass of options traders); *Fishbury, Ltd. v. Connetics Corp.*, 2006 WL 3711566, at *4 (S.D.N.Y. Dec. 14, 2006) (declining to appoint lead plaintiff for subclass of option traders because movant "failed to make any concrete showing of a conflict of interest between [stock] and stock-option purchasers, relying instead on mere speculation about future standing or class-certification issues").

4811-8092-1005.v1

court in this District making an adverse financial interest finding where one movant has three-times the next closest movant's losses *and* expended more net funds. The Pension Fund clearly has the largest financial interest in this relief sought by the class, no matter how financial interest is determined.

Aside from having the largest financial interest, the PSLRA requires that, to be designated the presumptively most adequate plaintiff, the Pension Fund must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(cc). There is no question that the Pension Fund satisfies this requirement. *See* ECF No. 16 at 6-9. Founded in 1962, the Pension Fund is a multiemployer employee benefit plan with more than $7 billion in assets under management overseen for the benefit of over 47,000 members. *Id.* at 7. The Pension Plan has a proven track record of successfully discharging lead plaintiff and fiduciary duties on behalf of a class. *See, e.g.*, *City of Lakeland Emps. Pension Plan v. Baxter Int'l Inc.*, No. 1:10-cv-06016, ECF No. 312 (N.D. Ill. Jan. 22, 2016) (Pension Fund obtaining final approval of $42.5 million settlement as lead plaintiff in PSLRA case). The Pension Fund "is the sort of lead plaintiff envisioned by Congress in its enactment of the PSLRA—a sophisticated institutional investor with a substantial financial interest in the litigation." *City of Riviera Beach Gen. Emps. Ret. Sys. v. Macquarie Infrastructure Corp.*, 2019 WL 364570, at *6 (S.D.N.Y. Jan. 30, 2019) (Broderick, J.) (citing H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* U.S.C.C.A.N. 730, 733); *Juliar v. Sunopta Inc.*, 2009 WL 1955237, at *2 (S.D.N.Y. Jan. 30, 2009) ("Congress enacted the PSLRA in 1995 with the consideration that the best way to prevent lawyer-driven litigation was to encourage institutional investors to serve as lead plaintiffs."); *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291, 294 (S.D.N.Y. 2010) ("The drafters of the PSLRA sought to reduce the influence of lawyers on class action securities suits by weighting the determination of lead plaintiff in favor of large institutional

4811-8092-1005.v1

investors."). Because the Pension Fund clearly has the largest financial interest and satisfies Rule 23's requirements, the Pension Fund is presumptively the "most adequate plaintiff."

### B. The Presumption of "Most Adequate Plaintiff" Which Lies in Favor of the Pension Fund Cannot Be Rebutted

The presumptive lead plaintiff, in this case the Pension Fund, must be appointed unless it is **proven** that it will not satisfy the typicality and adequacy requirements of Rule 23(a). "[O]nce the presumption is triggered, the question **is not** whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair[] and adequate[]' job." *Cendant*, 264 F.3d at 268 (emphasis in original); *see also Cavanaugh*, 306 F.3d at 730-32.

There can be no dispute that the Pension Fund meets the adequacy and typicality requirements. In addition, the Pension Fund has selected counsel which is highly experienced in securities litigation – a fact that this Court has previously acknowledged. *See* ECF No. 16 at 7-9; *Ophthotech*, 2018 WL 1307285, at \*10 ("The Pension Plan's counsel, Robbins Geller Rudman & Dowd LLP, is experienced and qualified, has represented plaintiffs in multiple other securities class action litigations, and has the ability to conduct the litigation effectively."). Consequently, the presumption of "most adequate plaintiff" which lies in favor of the Pension Fund cannot be rebutted.

### C. As an Unknown Individual Investor Who Filed a False Certification Under Oath, Mr. Hulaj Is Not a Suitable Lead Plaintiff Candidate

As explained above, the inquiry for determining "most adequate plaintiff" begins and ends with the Pension Fund. As such, the Court need not assess Mr. Hulaj's ability to lead the case. However, assuming arguendo that Mr. Hulaj had the "largest financial interest" in the relief sought by the class, he nonetheless failed to make the requisite Rule 23 adequacy showing because his

- 6 -

PSLRA Certification (ECF No. 11-4) is false and there is no other information about him to enable the Court to assess his adequacy.

The PSLRA's certification provision requires a movant seeking to serve as a representative party to identify any other securities case filed during the three-year period preceding the date on which the certification is signed in which that party has sought to serve as a representative party on behalf of a class. *See* 15 U.S.C. §78u-4(a)(2)(A)(v).  While each of the lead plaintiff movants executed the requisite Certifications, Mr. Hulaj's sworn Certification is false as it fails to identify his April 3, 2017 lead plaintiff motion in *In re RH, Inc. Securities Litigation,* in which he and his present-day assignors moved for appointment as lead plaintiff.  *Compare* ECF No. 11-4 at ¶¶6,8 ("During the three-year period preceding the date on which this Certification is signed, I have not sought to serve as a representative party on behalf of a class under the federal securities laws. . . .  I declare under penalty of perjury that the foregoing is true and correct.") *with* Rosenfeld Opp. Decl., Exs. 1-2:

4811-8092-1005.v1

**Submission Date**
2017-02-28 16:45:47

# CERTIFICATION PURSUANT TO FEDERAL SECURITIES LAWS

1.    I make this declaration pursuant to Section 27(a)(2) of the Securities Act of 1933 ("Securities Act") and/or Section 21D(a)(2) of the Securities Exchange Act of 1934 ("Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995.

2. I have reviewed a Complaint against against RH ("RH" or the "Company") and, authorize the filing of a comparable complaint on my behalf.

3. I did not purchase or acquire RH securities at the direction of plaintiffs' counsel or in order to participate in any private action arising under the Securities Act or Exchange Act.

4.    I am willing to serve as a representative party on behalf of a Class of investors who purchased or acquired RH securities during the class period, including providing testimony at deposition and trial, if necessary. I understand that the Court has the authority to select the most adequate lead plaintiff in this action.

5. To the best of my current knowledge, the attached sheet lists all of my transactions in RH securities during the Class Period as specified in the Complaint.

6. During the three-year period preceding the date on which this Certification is signed, I have not sought to serve as a representative party on behalf of a class under the federal securities laws.

7.    I agree not to accept any payment for serving as a representative party on behalf of the class as set forth in the Complaint, beyond my pro rata share of any recovery, except such reasonable costs and expenses directly relating to the representation of the class as ordered or approved by the Court.

8. I declare under penalty of perjury that the foregoing is true and correct.

**Name**

**Print Name**
Steven Hulaj

The most perfunctory diligence by Mr. Hulaj or his current counsel – which also represented him in the *In re RH, Inc. Securities Litigation* – would have uncovered his participation in that litigation given that it appears to be the only other United States case that Mr. Hulaj was ever involved in as a named party or as a movant, making his false Certification that much more puzzling. Mr. Hulaj and his counsel's inability to file certifications accurately reflecting their joint securities litigation history is indicia that one or both of them are stretched too thin or are simply indifferent. *See generally Karp v. Diebold Nixdorf, Inc.*, 2019 WL 5587148, at *6 (S.D.N.Y. Oct. 30, 2019) (denying motion by movant with larger financial interest and concluding that "Court is disquieted by the errors contained in [movant's] original submissions" which "took the [movant] nearly two weeks [to correct]" because the certification "struck at the core of the PSLRA's lead plaintiff inquiry");

- 8 -

*Bhojwani v. Pistiolis*, 2007 WL 9228588, at \*3 (S.D.N.Y. July 31, 2007) (finding that discrepancies in certification "indicate[] a certain carelessness about detail that undermines the adequacy of [the movant] as a lead plaintiff"); *Tomaszewski v. Trevena, Inc.*, 383 F. Supp. 3d 409, 414-15 (E.D. Pa. 2019) (finding that "[s]worn declarations are integral to the PSLRA process" and "the errors in Erenoglu's sworn statements amount to a substantial degree of carelessness and raise doubt as to whether he will fairly and adequately represent the best interests of the class" "[p]articularly given that these errors were made at the outset of the case").[4]

This Court has recently disqualified a movant for PSLRA certification errors in *Plaut v. Goldman Sachs Grp., Inc.*, 2019 WL 4512774, at \*5 (S.D.N.Y. Sept. 19, 2019) (Broderick, J.), a case in which Mr. Hulaj's counsel represented another lead plaintiff movant before this Court that submitted a false PSLRA certification under oath. The certification errors in *Plaut* omitted certain class period transactions that the movant insisted had no bearing on the "largest financial interest" determination, but this Court still found that the "certification errors in [the movant's] submissions 'militate against appointment and render [the movant] inadequate to serve as lead plaintiff under Rule 23's adequacy requirement.'" *Id.* While Mr. Hulaj's counsel argued in *Plaut* that the error at issue was a "clerical error" and a mere "minor defect," this Court observed that "***this error***

---

[4] A preliminary internet search likewise suggests that Mr. Hulaj and his family reside in Canada. If Mr. Hulaj's Certification was executed outside the United States, it is defective for the additional reason that it lacks the necessary "penalty of perjury **under the laws of the United States of America**" language required by 28 U.S.C. §1746. That defect provides a sufficient independent basis to deny his motion. *See Nasin v. Hongli Clean Energy Techs. Corp.*, 2017 WL 5598214, at \*3 (D.N.J. Nov. 21, 2017) (denying lead plaintiff application where movants' PSLRA declarations lacked the required language under 28 U.S.C. §1746, rejecting contention that "the missing language in the PSLRA certifications as a technicality that was cured with its amended filing" because "it still stands that such filing was late"). If Mr. Hulaj is, in fact, a resident of Canada, it is likewise unknown whether the assignments his family members submitted – which are seemingly valid under United States law – are also valid under Canadian law to give him standing to sue on their behalf in satisfaction of *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100 (2d Cir. 2008).

4811-8092-1005.v1

***'nonetheless speak[s] to a level of carelessness,' and causes me 'to doubt whether [the movant] possesses the necessary adequacy and sophistication to be lead plaintiff*.'" *Id*; *see also Ford v. Pro Shares Trust II*, No. 1:19-cv-00886-DLC, ECF No. 125 at 22:6-17 (S.D.N.Y. May 14, 2019) (Transcript of April 29, 2019 Lead Plaintiff Hearing) (rejecting lead plaintiff motion because, *inter alia*: "The Pomerantz application had, of course, right out of the gate a couple of problems: a ministerial  one of attaching the wrong trading history and one that is not entirely in English, and not with the typical supporting applications describing the lead plaintiffs that I'm used to seeing.").

Mr. Hulaj's filing of a false Certification in this case also cannot be dismissed as a mere "minor defect" in light of the **combination** of mistakes from both him and his counsel that must have taken place for this error to occur.  For his part, it appears that Mr. Hulaj either did not read or comprehend the sworn Certification that he was signing under penalty of perjury **or** his application in *In re RH, Inc. Securities Litigation* was so unimportant to him that he simply forgot about it.[5] Either of these scenarios would be concerning in and of themselves, but to make matters far worse, Mr. Hulaj's counsel "didn't do the due diligence that would have assisted him in filling out a complete affidavit." *In re Longfin Corp. Sec. Class Action Litig*., No. 1:18-cv-02933-DLC, ECF No. 65 at 14:14-15 (S.D.N.Y. Aug. 27, 2018) (June 25, 2018 Transcript of Lead Plaintiff Hearing). Indeed a simple conflict check or even a Google search would have uncovered that Mr. Hulaj sought lead plaintiff status less than three years ago in *In re RH, Inc. Securities Litigation*.  The breakdown

---

5    It is likewise concerning that Mr. Hulaj simply abandoned his motion in *In re RH, Inc. Securities Litigation*, No. 4:17-cv-00554-YGR (N.D. Cal.), with all deadlines to file opposition and reply briefs elapsing – and Judge Gonzalez Rogers issuing an order appointing another movant – all without Mr. Hulaj filing any subsequent paperwork to inform the court or competing movants that he no longer sought to lead the case, which, as this Court is aware, is a departure from the norms of lead plaintiff motion practice.  *See, e.g*., *Plaut* (all five movants either filing withdrawals, non-oppositions, or substantive responses); *McKenna* (four movants; same); *City of Riviera Beach Emps. Ret. Sys.* (six movants; same); *Micholle* (eight movants; same).

- 10 -

4811-8092-1005.v1

of diligence measures that necessarily occurred with Mr. Hulaj's motion at this early juncture in the litigation weighs against his adequacy to lead this case.

In *Longfin*, the movant with the largest financial interest submitted a false certification that, like here, omitted a PSLRA case in which the movant sought to serve as a representative party in within the three-year period.  *Id.*  Unlike here, however, the movant recognized his error *sua sponte* and corrected it before opposition briefs were filed.  Judge Cote nonetheless disqualified the movant under the same rationale that this Court used in *Plaut*: the combination of circumstances that must have led to such an omission presents too great a risk that the putative class would not be well-served by the combination of this movant and counsel:

> Now, while I appreciate that it was *sua sponte* corrected on June 13th, but the omission says something to me about Mr. Fish's care with respect to tending to this litigation and its application, but also to counsel. ***Counsel should have in place systems that would have prevented this***. ***It should never have happened***. ***It's not a heavy lift*** . . . .

*Id*. at 17:8-16.  Mr. Hulaj and his counsel have yet to comply with this most basic of the PSLRA's requirements.  Any attempt to do so now is simply too little, too late.

Finally, even assuming for the sake of argument that Mr. Hulaj had the greatest financial interest ***and*** the Court decided to disregard Mr. Hulaj's false affidavit, he still should not be appointed because the Court knows absolutely nothing about him or his ability to serve as lead plaintiff in this case (other than his false representation and his desertion of the previous lead plaintiff motion that he filed).  Unlike the Pension Fund, which is a transparent multiemployer employee benefit plan with a readily accessible website, https://www.neibenefits.org/members/pension-plan/, and a proven track record of representing classes in securities cases, the record is devoid of any information with which the Court could determine whether Mr. Hulaj is able to adequately represent the class.

- 11 -

Indeed, "[s]imply making a motion for lead plaintiff status, taken alone, establishes nothing about the movant's adequacy to take on this burdensome task." *Clair v. DeLuca*, 232 F.R.D. 219, 226-27 (W.D. Pa. 2005). Courts routinely find that movants who only provide their name, and nothing more, have failed to make the preliminary Rule 23 showing. *See Camp v. Qualcomm Inc.*, 2019 WL 277360, at \*2-\*3 (S.D. Cal. Jan. 22, 2019) (noting that because the competing movant "failed to include any basic details about himself, including where he lives or who he is specifically in his motion," the court found "it difficult to determine whether Singh would indeed be a typical plaintiff for the class").[6] On the present record, it is therefore impossible for the Court to even begin to attempt to make the typicality and adequacy determination required by the PSLRA.[7] Without the timely submission of such basic information, Mr. Hulaj has not made the required Rule 23 showing and cannot trigger the PSLRA's presumption.

---

[6]   *See also Karp*, 2019 WL 5587148, at \*5 ("Here, the Aroras, as individual investors, have provided the Court with little to go on with respect to their alleged capacity to manage this litigation. For example, the Certifications supplied by the Aroras note that they have not served as a lead plaintiff in a securities action within the past three years, and the Court has no knowledge as to whether the Aroras have ever had any experience serving as lead plaintiff prior to that. . . . Given this lack of information, the Court is skeptical that the Aroras are equipped to serve as lead plaintiff."); *Clair*, 232 F.R.D. at 226-27 (finding "no evidence that [individual lead plaintiff movants] are the type of sophisticated investor who can control a multi-million dollar class action"); *In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*, 209 F.R.D. 447, 452 (C.D. Cal. 2002) (finding that the "record contains no evidence that [the individual movants] are competent to serve as lead plaintiffs" or "to supervise the . . . attorneys representing them"); *Piven v. Sykes Enters., Inc.*, 137 F. Supp. 2d 1295, 1304-05 (M.D. Fla. 2000) (lack of information concerning plaintiff's "identity, resources, and experience" prevented appointment as lead plaintiff).

[7]   Counsel for Mr. Hulaj is aware that courts need more than a movant's name to properly evaluate their qualifications to serve as lead plaintiff, as less than two months ago, counsel prevailed on a similar argument that the competing movant in *AT&T* failed to make a *prima facie* Rule 23 showing. *See Gross v. AT&T Inc.*, No. 1:19-cv-02892-VEC, ECF No. 53 at 3 (S.D.N.Y. June 24, 2019) ("The Court agrees with [Pomerantz LLP's clients] that Pro-Alpha has not provided sufficient information for the Court to determine that it 'will fairly and adequately protect the interests of the class.'").

4811-8092-1005.v1

### D. Mr. Cardoso Is Also an Unknown Individual Lacking the Largest Financial Interest

Because Mr. Cardoso does not have the largest financial interest in the relief sought by the class, his motion should be denied. *Cavanaugh*, 306 F.3d at 732 ("The statutory process is sequential: The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical."). In addition, Mr. Cardoso's application should be denied because, like Mr. Hulaj, he is an unknown individual who failed to provide sufficient information about himself to enable the Court to find him adequate to lead this litigation.

## III. CONCLUSION

The Pension Fund possesses the largest financial interest in the relief sought by the class. In addition, the Pension Fund meets the requirements of adequacy and typicality, and the presumption which lies in favor of the Pension Fund cannot be rebutted. Mr. Hulaj not only fails to possess the largest financial interest in the relief sought by the class, but his ability to serve as a fiduciary for the putative class is belied by his status as an unknown individual who submitted a false Certification in this case. Mr. Cardoso is also an unknown individual who lacks the largest financial interest. As a result, the Pension Fund respectfully requests that this Court enter an order appointing the Pension Fund to serve as Lead Plaintiff, approving the Pension Fund's selection of Lead Counsel, and denying the motions for appointment as lead plaintiff filed by Mr. Hulaj and Mr. Cardoso.

DATED: November 18, 2019                          Respectfully submitted,

                                                 s/ David A. Rosenfeld
                                                 DAVID A. ROSENFELD

- 13 -

4811-8092-1005.v1

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
VINCENT M. SERRA
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
vserra@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

O'DONOGHUE & O'DONOGHUE LLP
LOUIS P. MALONE III
JOHN M. McINTIRE
5301 Wisconsin Avenue, N.W., Suite 800
Washington, DC  20015
Telephone:  202/362-0041
202/362-2640 (fax)
lmalone@odonoghuelaw.com
jmcintire@odonoghuelaw.com

Additional Counsel for [Proposed] Lead Plaintiff

- 14 -

4811-8092-1005.v1

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on November 18, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
    & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com

4811-8092-1005.v1

# Mailing Information for a Case 1:19-cv-08204-VSB Cheng v. Canada Goose Holdings Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **William Scott Holleman**
  holleman@bespc.com,ecf@bespc.com

- **Joseph Alexander Hood , II**
  ahood@pomlaw.com,abarbosa@pomlaw.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,ahood@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com,drosenfeld@ecf.courtdrive.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)