UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LI HONG CHENG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CANADA GOOSE HOLDINGS INC., DANI REISS, JONATHAN SINCLAIR, and JOHN BLACK,<br><br>Defendants. | Case No.  1:19-cv-08204-VSB |

REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF MOTION OF STEVEN HULAJ FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

Movant Hulaj[1] respectfully submits this reply memorandum of law in further support of his motion for appointment as Lead Plaintiff and approval of his selection of Pomerantz as Lead Counsel (Dkt. No. 8); and (2) in opposition to the competing motion of NEIPF (Dkt. No. 14).

## PRELIMINARY STATEMENT

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). This presumption can **only** be rebutted upon proof that the movant with the largest financial interest is atypical or inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Mere speculation or innuendo is insufficient to rebut this presumption. *See*, *e.g.*, *Foley v. Transocean, Ltd.*, 272 F.R.D. 126, 131-33 (S.D.N.Y. 2011) (finding that the presumption "may only be rebutted upon 'proof'" of inadequacy or atypicality and rejecting challenge founded on speculation); *In re MGT Capital Invs., Inc.*, 16 Civ. 7415 (NRB) *et al.*, 2017 U.S. Dist. LEXIS 59130, at *9-*10 (S.D.N.Y. Apr. 11, 2017) (rejecting "attempt to find something nefarious" in order "to discredit" a movant's certification); *Kaplan v. Gelfond*, 240 F.R.D. 88, 95-96 (S.D.N.Y. 2007) (rejecting "inconclusive" argument proffered by competing movant in attempt to disqualify presumptive lead plaintiff).

Here, Hulaj is the movant with the greatest financial interest in the subject matter of this litigation, having purchased 115,710 shares of Canada Goose stock during the Class Period and retaining 98,160 of those shares when the Company's alleged fraud came to light at the end of the Class Period. *See*, *e.g.*, *Pio v. GM Co.*, No. 14-11191, 2014 U.S. Dist. LEXIS 151205, at *11 (E.D. Mich. Oct. 24, 2014) ("courts have found the second [*Lax*] factor—retained shares—to be the most determinative factor in approximating an investor's potential recovery."); *Westchester*

---

[1] All capitalized terms herein are defined in Hulaj's moving or opposition briefs, unless otherwise indicated. *See* Dkt. Nos. 10, 20.

*Putnam Cntys. Heavy & Highway Laborers Local 60 Benefit Funds v. Brixmor Prop. Grp., Inc.*, 16-CV-02400 (AT)(SN), 2016 U.S. Dist. LEXIS 164682, at *4 (S.D.N.Y. Nov. 29, 2016) (finding retained shares to "provide a more objective assessment of a movant's financial interest than the losses suffered"); *In re Network Assocs.*, 76 F. Supp. 2d 1017, 1027 (N.D. Cal. 1999) (retained shares should be used to determine financial interest as "the candidate with the most net shares purchased will normally have the largest potential damage recovery"); *In re Critical Path, Inc. Sec. Litig.*, 156 F. Supp. 2d 1102, 1108 (N.D. Cal. 2001) (retained shares is "determinative" of financial interest).

In its opposition brief, NEIPF resorts to attacking Hulaj's adequacy in a meritless effort to disqualify him from consideration. The only basis for this attack is Hulaj's submission of a Certification erroneously omitting to disclose that Hulaj previously sought appointment in the action *In re RH, Inc. Sec. Litig.*, 4:17-cv-00554 (N.D. Cal.) ("*RH*"). However, Hulaj did timely execute and send his counsel a Certification that disclosed his filing in the *RH* litigation, submitted herewith (*see* Reply Declaration of Jeremy A. Lieberman in Further Support of Motion ("Lieberman Reply Decl."), Ex. A), but due to a clerical error, a different document was ultimately filed on his behalf. The submission of the original, correct Certification cures this error and removes any basis for impugning Hulaj's *bona fides*.

It is difficult to credit NEIPF's purported concerns regarding Hulaj's counsel, considering that recent PSLRA motion practice by NEIPF's designated Lead Counsel, Robbins Geller Rudman & Dowd LLP ("Robbins Geller"), has included significant errors, unexplained and abrupt withdrawal, and advocacy for patently unfit class representatives. The foregoing strongly suggests that the concerns about Hulaj's counsel expressed in NEIPF's briefing may be less than genuine.

Finally, the signature blocks in NEIPF's motion papers indicate the involvement of another firm, O'Donoghue and O'Donoghue LLP ("O'Donoghue"), as "Additional Counsel" for NEIPF, but the motion papers give no indication whatsoever as to what role the O'Donoghue firm has played or will play in this litigation if NEIPF were to be appointed as Lead Plaintiff. The involvement of multiple firms on behalf of a single client raises the specter of the very kind of attorney-driven litigation that the PSLRA was passed, in part, to prevent. *See*, *e.g.*, *Nakamura v. BRF S.A.*, No. 18-CV-2214 (PKC), 2018 U.S. Dist. LEXIS 110187, at *4 (S.D.N.Y. July 2, 2018).

Accordingly, for the reasons set forth herein and in his moving and opposition briefs (Dkt. Nos. 10, 20), Hulaj respectfully requests that the Court grant his motion in its entirety and deny the competing motion of NEIPF.

**ARGUMENT**

## I.    HULAJ'S CERTIFICATION IS NOT EVIDENCE OF HIS INADEQUACY TO SERVE AS LEAD PLAINTIFF

NEIPF has accused Hulaj of filing a false certification, citing the fact that the Certification filed with his motion (Dkt. No. 11-4) did not disclose the fact that Hulaj previously filed a motion seeking appointment as Lead Plaintiff in the *RH* litigation. Dkt. No. 11-12. On this basis, NEIPF impugns Hulaj's good faith and thus his fitness to serve as Lead Plaintiff.

NEIPF's purported concerns as to Hulaj's integrity are misplaced. Hulaj in fact provided his counsel with two versions of his Certification: one version referenced his filing in the *RH* litigation, and the other version did not. Due to a clerical error, Hulaj's counsel filed the latter rather than the former. A true and correct copy of Hulaj's Certification referencing the *RH* litigation, executed on October 4, 2019—one full month before the lead plaintiff motion

3

deadline—is submitted herewith.  Lieberman Reply Decl., Ex. A.[2]  The submission of Hulaj's Certification should obviate NEIPF's purported concerns as to Hulaj's *bona fides* and thus his fitness to serve as Lead Plaintiff.

Indeed, recent PSLRA motion practice by Robbins Geller, NEIPF's proposed Lead Counsel, makes it difficult to credit its purported concerns regarding Hulaj and his counsel.  In May 2018, in *In re Ubiquiti Networks, Inc. Sec. Litig.*, No. 1:18-cv-01620 (S.D.N.Y.) ("*Ubiquiti*"), Robbins Geller acknowledged submitting a certification on behalf of one of its clients that "inadvertently excluded" significant transactions in the securities at issue.  *See Ubiquiti* Dkt. No. 21 at 1 n.1.  Later that year, in *Brady v. Top Ships Inc.*, 2:17-cv-04987 (E.D.N.Y.) ("*Top Ships*"), Robbins Geller filed a motion seeking the appointment of an individual investor as lead plaintiff, attesting that the movant was adequate and typical within the meaning of Rule 23 (*see Top Ships* Dkt. Nos. 45-46).  After the motion was denied, Robbins Geller took the highly unusual step of filing a motion for reconsideration (*Top Ships* Dkt. No. 64), at which point information came to light demonstrating a pattern of belligerent behavior by the movant in question, which included misogyny, racism, and disparagement of fellow class members (*see Top Ships* Dkt. No. 77)—all of which was presumably known to Robbins Geller even as the firm filed motion papers repeatedly endorsing his fitness to serve as a class representative.  Most recently, in June 2019, in *Edwards v. McDermott International, Inc.*, 4:18-cv-04330 (S.D. Tex.) ("*McDermott*"), after fully briefing their client's lead plaintiff motion, Robbins Geller inexplicably withdrew the motion just two days before the motion hearing.  *McDermott* Dkt. No. 81.  In short, the number of haphazard and erroneous filings by NEIPF's

---

[2] The case referenced in Hulaj's Certification, *Errichiello v. RH et al.*, 3:17-cv-01425 (N.D. Cal.) was subsequently consolidated into the *RH* action.

proposed Lead Counsel causes one to cast a jaundiced eye on NEIPF's protestations regarding Hulaj's counsel.

## II. NEIPF HAS NOT EXPLAINED THE ROLE OF ITS "ADDITIONAL COUNSEL" IN THIS LITIGATION

The PSLRA was passed in large part to reduce lawyer-driven litigation and to "ensure that plaintiffs . . . control the litigation, as opposed to lawyers." *Nakamura*, 2018 U.S. Dist. LEXIS 110187, at \*4. Here, the unspecified involvement of the O'Donoghue firm as "Additional Counsel" for NEIPF in this Action raises the specter that NEIPF's counsel, rather than NEIPF, would direct this litigation if the fund were to be appointed as Lead Plaintiff. Aside from listing the O'Donoghue firm as "Additional Counsel" in its signature block, NEIPF's motion papers provide no information whatsoever as to O'Donoghue's role in this litigation. This conspicuous silence raises a litany of questions: How was NEIPF introduced to Robbins Geller? What was the basis for NEIPF's decision to nominate Robbins Geller as Lead Counsel? What role, if any, will O'Donoghue play in this litigation if NEIPF is appointed as Lead Plaintiff? Does O'Donoghue possess any relevant expertise that would add value to the Class in this Action? Would O'Donoghue's involvement result in needless duplication of fees and expenses? NEIPF's submissions to date have not even attempted to answer these questions.

### CONCLUSION

For the foregoing reasons, Hulaj respectfully requests that the Court grant his motion in all respects and deny the competing motion of NEIPF.

Dated: November 25, 2019                    Respectfully submitted,

                                            POMERANTZ LLP

                                            */s/ Jeremy A. Lieberman*
                                            Jeremy A. Lieberman
                                            J. Alexander Hood II

5

Jonathan D. Lindenfeld
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com
Email: jlindenfeld@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email:  pdahlstrom@pomlaw.com

*Counsel for Lead Plaintiff Movant Steven Hulaj and
Proposed Lead Counsel for the Class*