UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| LI HONG CHENG, Individually and on Behalf of All Others Similarly Situated, | x : : | Civil Action No. 1:19-cv-08204-VSB |
|  | : | CLASS ACTION |
| Plaintiff, | : : : |  |
|  | : | THE PENSION FUND'S MOTION TO |
| vs. | : : | STRIKE OR, IN THE ALTERNATIVE, FOR LEAVE TO RESPOND TO NEW |
| CANADA GOOSE HOLDINGS INC., DANI REISS, JONATHAN SINCLAIR and JOHN BLACK, | : : : | ARGUMENT RAISED IN REPLY BRIEF |
|  | : : |  |
| Defendants. | : : |  |
|  | x |  |

Rather than respond to the multiple arguments in opposition to his motion, Steven Hulaj's reply brief instead opposes the National Elevator Industry Pension Fund's motion for the first time on the basis that the Pension Fund "has not explained the role of its 'additional counsel' in this litigation." ECF No. 23 at 6. This argument should have been made, if at all, in Mr. Hulaj's opposition brief so the Pension Fund had an opportunity to respond. It was not. *See* ECF No. 20 (making no arguments against the Pension Fund's motion). It is axiomatic that "[a]rguments may not be made for the first time in a reply brief." *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993). Consequently, the Pension Fund respectfully requests that the Court strike or disregard this new argument made for the first time in a reply brief. *Id.*; *Vincent v. Winski*, 2018 WL 1441370, at *11 n.17 (S.D.N.Y. Mar. 22, 2018) (Broderick, J.) ("I decline to consider an argument raised for the first time in reply.").

Alternatively, the Pension Fund respectfully requests that the Court consider this brief rebuttal: Other than Mr. Hulaj's innuendo that "the unspecified involvement of the O'Donoghue firm as 'Additional Counsel' for NEIPF in this Action raises the specter that NEIPF's counsel, rather than NEIPF, would direct this litigation" and asking open ended questions, Mr. Hulaj does not identify any "proof" – as the PSLRA requires – to rebut the presumption in the Pension Fund's favor. *See* ECF No. 23 at 5. *See Schaffer v. Horizon Pharma Plc*, 2016 WL 3566238, at *2 n.2 (S.D.N.Y. June 27, 2016) ("mere speculation or conclusory assertions are not enough to rebut the presumption").[1]

---

[1]   *See also Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324-25 (S.D.N.Y. 2004) ("[C]onclusory assertions of inadequacy are, however, insufficient to rebut the statutory presumption under the PSLRA without specific support in evidence of the existence of an actual or potential conflict of interest or a defense to which [the potential lead plaintiff] would be uniquely subject."); *Sofran v. LaBranche & Co., Inc.*, 220 F.R.D. 398, 403-04 (S.D.N.Y. 2004) (emphasizing that the PSLRA requires proof of inadequacy and not mere speculation); *Strougo v. Brantley Capital Corp.*, 243 F.R.D. 100, 105 (S.D.N.Y. 2007) ("[s]peculation and conjecture" is not enough to rebut the presumption).

4837-3354-3598.v1

This is a particularly ironic charge considering that Mr. Hulaj and his same counsel here previously filed a lead plaintiff motion in *In re RH, Inc. Sec. Litig.*, No. 3:17-cv-00554 (N.D. Cal.) – the very case omitted from the Certification filed with his motion – identifying "additional counsel" without describing that firm's role. *See* ECF No. 22-1.[2]

Nonetheless, O'Donoghue & O'Donoghue LLP, one of the most well-respected employee benefit law firms in the United States, is counsel to the Pension Fund and, by providing independent legal advice to the Pension Fund, helps ensure that the Pension Fund (and Robbins Geller) fulfill their fiduciary duties to absent class members in this case. Notably, courts have found that outside fund counsel serving in this capacity, and specifically O'Donoghue & O'Donoghue, bolster an institutional investor's adequacy in PSLRA cases. For example, in rejecting defendants' challenge to O'Donoghue & O'Donoghue's role as counsel to an institutional investor at the class certification stage, the court in *Plumbers & Pipefitters Nat'l Pension Fund v. Burns*, 292 F.R.D. 515, 523 (N.D. Ohio 2013), held that "it was wholly proper for them to retain and rely on outside counsel in fulfilling their duty to protect the interests of the class," explaining that:

> By hiring different attorneys, plaintiffs ensured, as best they could, that they would adequately monitor Robbins Geller. This is so because, as currently situated, the Robbins Firm will owe professional and ethical duties to the class as a whole, while the O'Donoghue firm owes these duties only to [the Pension Fund]. Thus, O'Donoghue must diligently oversee Robbin Geller's [sic] work in representing the class to fulfill its duty to provide competent representation to [the Pension Fund]. Robbin Geller [sic], in turn, must provide competent representation to the class as a whole. This provides a system of checks, and balances the power between plaintiffs and Robbins Geller.
>
> ***Moreover, by retaining additional and independent counsel, the plaintiffs have provided additional support to my finding that they will represent the class adequately***.

---

[2]  In addition to filing an admittedly false Certification, the existence and proper disclosure of additional counsel in the *RH* case begs the question as to whether Mr. Hulaj's proposed lead counsel neglected to disclose additional counsel here.

- 2 -

4837-3354-3598.v1

*Id.* (footnotes omitted) (emphasis added); *see also Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125, 130-134 (5th Cir. 2005) (rejecting defendants' class certification challenge to institutional investor's adequacy in class action securities case based on its engagement of an independent lawyer in addition to class counsel). Additionally, in *Bricklayers of W. Pa. Pension Plan v. Hecla Mining Co.*, 2012 WL 2872787 (D. Idaho July 12, 2012), a competing movant, like Mr. Hulaj here, contended that an institutional investor "must" describe to the court what the additional counsel's involvement is in the case. *Id.* at *6. The court disagreed, reasoning that the PSLRA expressly provides that a movant's proposed lead counsel, ***not*** additional outside counsel, is subject to court approval (*see* 15 U.S.C. §78u-4(a)(3)(B)(v)), and the institutional investor was not requesting the appointment of additional counsel as lead counsel for the class. *Id.* (recognizing that competing movant's perfunctory challenge did "not overcome Institutional Investors' preliminary showing of typicality and adequacy"). In sum, O'Donoghue & O'Donoghue's role as the Pension Fund's outside counsel does not pose any adequacy concerns (nor has Mr. Hulaj identified any).

The Pension Fund therefore respectfully requests that the Court strike, disregard, or reject Mr. Hulaj's late innuendo in his reply brief.

DATED:  December 2, 2019                Respectfully submitted,

                                        ROBBINS GELLER RUDMAN
                                          & DOWD LLP
                                        SAMUEL H. RUDMAN
                                        DAVID A. ROSENFELD
                                        ERIN W. BOARDMAN
                                        VINCENT M. SERRA


                                        s/ David A. Rosenfeld
                                        DAVID A. ROSENFELD

- 3 -

4837-3354-3598.v1

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
eboardman@rgrdlaw.com
vserra@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SPENCER A. BURKHOLZ
DANIELLE S. MYERS
MATTHEW I. ALPERT
MICHAEL ALBERT
ALEXI H. PFEFFER-GILLETT
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
dmyers@rgrdlaw.com
malpert@rgrdlaw.com
malbert@rgrdlaw.com
agillett@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

O'DONOGHUE & O'DONOGHUE LLP
LOUIS P. MALONE III
JOHN M. McINTIRE
5301 Wisconsin Avenue, N.W., Suite 800
Washington, DC  20015
Telephone:  202/362-0041
202/362-2640 (fax)
lmalone@odonoghuelaw.com
jmcintire@odonoghuelaw.com

Additional Counsel for [Proposed] Lead Plaintiff

- 4 -

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on December 2, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
&  DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com

4837-3354-3598.v1

# Mailing Information for a Case 1:19-cv-08204-VSB Cheng v. Canada Goose Holdings Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **William Scott Holleman**
  holleman@bespc.com,ecf@bespc.com

- **Joseph Alexander Hood , II**
  ahood@pomlaw.com,abarbosa@pomlaw.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,ahood@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com,drosenfeld@ecf.courtdrive.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)